# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT COURT OF LOUISIANA

| | |
|---|---|
| NIGHTRYDAS, LLC and MAURICE JORDAN, | CIVIL ACTION NO. |
| Plaintiffs, | JUDGE |
| v. | MAGISTRATE JUDGE |
| CASH MONEY RECORDS, INC. and YOUNG MONEY ENTERTAINMENT, LLC, | SECTION "__" (__) |
| Defendants. | |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiffs Nightrydas, LLC and Maurice Jordan submit this Complaint for Breach of Contract against Defendants Cash Money Records, Inc. and Young Money Entertainment, LLC.

### NATURE OF ACTION

1.  This is a civil action seeking damages, declaratory relief and an accounting for Defendants' breach of a written agreement, stemming from, among other things, Defendants' multiple breaches of numerous agreements with Plaintiffs as related to the provision of Plaintiffs' valuable producer services in connection with the production and development of musical sound recordings for Defendants' benefit.

2.  Plaintiffs are owed substantial sums of money from Defendants for services provided to Defendants pursuant to and in accordance with non-exclusive producer agreements wherein Defendants engaged Plaintiffs to furnish services in the nature of, among other things, production services in connection with musical recordings, and Plaintiffs thereafter provided such services in full.

## The Parties

3. Plaintiff Nightrydas, LLC ("Nightrydas") is a Florida limited liability company.

4. Plaintiff Maurice Jordan ("Jordan") is an individual residing in the State of Florida.

5. Defendant Cash Money Records, Inc. ("Cash Money") is a Louisiana corporation.

6. Defendant Young Money Entertainment, LLC ("Young Money") is a Louisiana limited liability company. Cash Money and Young Money will be referred to collectively in this Complaint as "Defendants."

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. The amount in controversy in this action exceeds $75,000.00, exclusive of attorneys' fees, interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (b) (2) and (c)(2) because Defendants are subject to personal jurisdiction in this District. The District has personal jurisdiction because Defendants' principal places of business are located in this District and a substantial part of the events giving rise to Plaintiffs' claims took place in this District. Furthermore, Defendants transact business in this District, have committed tortious acts in this District, and have engaged in activities in this District that subject them to the jurisdiction of this Court.

## Factual Background

10. Plaintiff Jordan is an established music producer and composer who, among other things, creates, composes, writes, arranges, programs, mixes, remixes, routes and processes

sound recordings and underlying compositions for various musical recording artists and record companies (hereinafter referred to as "Production Services").

11. Plaintiff Nightrydas is a production company which contracts to provide the Production Services of, among other producers, Plaintiff Jordan.

12. On or around May 12, 2011, Plaintiffs entered into and executed a written agreement with Defendant Young Money to render the production services of Ben Vaughn p/k/a "Snizzy" ("Vaughn") and Plaintiff Jordan to Defendant Young Money on a non-exclusive basis in connection with producing one master recording entitled "Nightmares of the Bottom" embodying the performances of Dwayne Michael Carter, Jr. p/k/a "Lil Wayne" ("Carter") (the "2011 Producer Agreement"). A true and correct copy of the 2011 Producer Agreement is attached hereto as Exhibit "A".

13. Thereafter, on or around March 27, 2012, Plaintiffs entered into and executed a written agreement with Defendant Cash Money to render the production services of Plaintiff Jordan to Defendant Cash Money on a non-exclusive basis in connection with producing fifteen master recordings embodying the performances of various Cash Money artists (the "2012 Producer Agreement"). A true and correct copy of the 2012 Producer Agreement is attached hereto as Exhibit "B".

14. Thereafter, on or around January 29, 2015, Plaintiffs entered into and executed a written agreement with Defendant Young Money to render the production services of Andrew Jones p/k/a "A. Jayones" ("Jones") to Defendant Young Money on a non-exclusive basis in connection with producing one master recording entitled "Gotti" embodying the performance of, among other artists, Carter (the "2015 Producer Agreement"). A true and correct copy of the 2015 Producer Agreement is attached hereto as Exhibit "C". The 2011 Producer Agreement,

2012 Producer Agreement and 2015 Producer Agreement will be referred to collectively in this Complaint as the "Production Agreements."

15. Pursuant to the Production Agreements, Plaintiffs furnished the requested Production Services to Defendants on a non-exclusive basis, producing, arranging, programming, recording, mixing and editing numerous master sound recordings for Defendants.

16. These Production Services and labor furnished by Plaintiffs were used directly or indirectly by the Defendants and their affiliates in the creation of numerous master sound recordings, which recordings were thereafter exploited and sold by Defendants (the "Master Recordings").

17. Pursuant to the Production Agreements, Defendants distributed all Master Recordings Plaintiffs produced pursuant to certain recording agreements between Defendants Young Money and Cash Money.

18. In addition, Defendants, in strict accordance with the Production Agreements, at all times owed an explicit duty to Plaintiffs to account directly to Plaintiffs as to all royalties accruing or which otherwise would have accrued pursuant to the Production Agreements.

19. Plaintiffs have performed all work and contractual obligations in a satisfactory manner, and Defendants have accepted all of such work and services.

20. In exchange for Plaintiffs' Production Services, Defendants agreed to pay Plaintiffs, among other things, specified producer royalties and mechanical royalties resulting from the exploitation of the Master Recordings and the underlying musical compositions embodied thereon which Plaintiffs authored, in part or in whole.

21. Moreover, in accordance with the Producer Agreements, Defendants expressly agreed that Plaintiffs would maintain a certain undivided interest in the worldwide copyright and

all other rights in and to each controlled composition written and/or and embodied in each Master Recording subject of the Producer Agreements.

22. Accordingly, Plaintiffs are entitled to receive mechanical royalties in connection with Plaintiffs' respective interests in each such controlled composition.

23. Upon information and belief, as a result of Plaintiffs' efforts, Defendants and their affiliate companies have sold millions of album copies embodying the Master Recordings, in the United States and Canada alone, and, upon information and belief, have received millions of dollars in gross income in connection with such sales.

24. As such, upon information and belief, Plaintiffs are owed from Defendants significant amounts in total mechanical and producer royalties in connection with the Master Recordings and the underlying musical compositions embodied thereon which Plaintiffs authored, in part or in whole, which have been manufactured and distributed in and outside the United States and have been digitally downloaded via electronic means (including but not limited to wireless and mobile communication devices) in and outside the United States.

25. While Defendants have made partial payments to Plaintiffs in recognition of the Production Services provided by Plaintiffs, Defendants owe Plaintiffs significant sums of money stemming from the producer and mechanical royalties in connection with the Master Recordings and the underlying musical compositions embodied thereon.

26. Presently, however, Defendants have ceased to compensate Plaintiffs with the monies to which they are entitled in accordance with the Production Agreements, and, instead, have retained a vast bulk of all profits for Defendants' own account.

27. Moreover, Defendants have each failed and/or refused and continue to fail and/or refuse, despite numerous requests, to furnish Plaintiffs with accountings and/or statements reflecting the accrued and accruing royalties pursuant to the Production Agreements.

28. Defendants have willfully, consistently and pervasively, paid over to Plaintiffs substantially less producer and mechanical royalties than are properly due and owing to Plaintiffs from Defendants' respective administration and exploitation of the Master Recordings.

29. Despite demand, Defendants have failed and/or refused to pay Plaintiffs their share of the royalties stemming from the exploitation of the Master Recordings and the underlying compositions thereof.

30. All conditions precedent to the bringing of this action have occurred, been waived or performed.

## COUNT I
### BREACH OF CONTRACT

31. In Plaintiffs' first ground for relief, Plaintiffs allege breach of contract for failure to perform an obligation under the Production Agreements. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 30, as though fully set forth herein.

32. The Production Agreements are valid and binding agreements between the parties.

33. Plaintiffs have performed their obligations under the Production Agreements.

34. Defendants' pervasive and continued failure to compensate Plaintiffs pursuant to the explicit terms of the Production Agreements constitutes material breaches of the Production Agreements that have deprived Plaintiffs of the purpose of the parties' bargain.

35. As explained above, Defendants have breached numerous provisions of the Production Agreements.

36. Plaintiffs gave actual notice to Defendants of their obligations to perform.

37. Defendants failed to perform their obligations after notice.

38. As a direct and proximate result of Defendants' numerous breaches of the parties' Production Agreements, Plaintiffs have suffered significant and extensive damages and financial injury; and will continue to do so.

## COUNT II
### ACCOUNTING

39. In Plaintiffs' second ground for relief, Plaintiffs seek an accounting of all royalties accrued or which otherwise would have accrued pursuant to the Production Agreements. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 38, as though fully set forth herein.

40. After producing the subject Master Recordings embodied by Defendants in various albums pursuant to the Production Agreements, Defendants Young Money and Cash Money, despite demand, and despite the clear contractual language requiring them to do so, have failed and/or refused to provide Plaintiffs with an accounting of producer royalties and mechanical royalties pursuant to the Production Agreements.

41. Pursuant to the Production Agreements, Plaintiffs were and are entitled to receive royalty statements and other accountings rendered by Defendants.

42. Upon information and belief, Defendants have received, and continue to receive, profits from the sale of and contracts related to the Master Recordings.

43. Accordingly, Plaintiffs seek a declaration that Defendants provide Plaintiffs with a full accounting.

## PRAYER FOR RELIEF

44. A declaration that, pursuant to Defendants' obligations under the Production Agreements, Defendants must compensate Plaintiffs for all sums currently due and owing and that Plaintiffs are entitled to the payment of all future amounts that may fall due when such sums fall due, and an order giving effect to that declaration;

45. Further, an award of compensatory, consequential and/or equitable damages, and any other damages to be proven at trial, for Defendants' pervasive and material breaches of the Production Agreements and frustration of the parties' bargain;

46. An accounting for and award of damages resulting from Defendants' sale, offer for sale and marketing of the Master Recordings;

47. An assessment of interest on the damages;

48. An award of Plaintiffs' costs, expenses and attorney fees in this action; and,

49. Such other and further relief as the Court deems appropriate.

Respectfully submitted,

Intellectual Property Consulting, L.L.C.

/s/ Kent Barnett
Kent Barnett, Bar No. 33002 (T.A.)
Stephen M. Kepper, Bar No. 34618
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
Phone: (504) 322.7166
Fax: (504) 322.7184
kbarnett@iplawconsulting.com
skepper@iplawconsulting.com

*Attorneys for Plaintiffs Nightrydas, LLC and Maurice Jordan*